**ORIGINAL**

FILED IN CHAMBERS
U.S.D.C. Atlanta

MAR 10 2026

Kevin P. Weimer, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| *v.* | Criminal Indictment |
| MICHELLE LYNCH FRANCIS | No. 1 . **2 6 - CR - 0 1 0 9** |

THE GRAND JURY CHARGES THAT:

### Counts One through Four
18 U.S.C. § 1957
(Transactional Money Laundering)

1. In or about December 2024, victim S.R. and VICTIM-COMPANY-1 were the victims of a business email compromise that constituted a violation of Title 18, United States Code, Section 1343 (wire fraud). A "business email compromise" is a type of cyber scam where an individual is tricked into interacting with an email message that appears to be, but is not, legitimate. In such schemes, perpetrators of the fraud use "spoofed" email accounts, posing as legitimate customers, clients, or business partners, and send emails to a victim designed to divert payments to a bank account that is controlled by the perpetrator of the fraud or a conspirator.

2. On or about December 17, 2024, actors unknown to the Grand Jury used a "spoofed" email address—that is, an email address that appears nearly indistinguishable from the legitimate email address—to make it appear that VICTIM-COMPANY-1 was sending an email to victim S.R. The unknown actors

sent an email from the spoofed email address to victim S.R. instructing victim S.R. to wire $140,000 to a Truist Bank account ending 3166 controlled by the defendant, **MICHELLE LYNCH FRANCIS**. The email sent to victim S.R. contained false statements, including false statements about the identity of the sender, the purpose of the wire transfer, and the ownership of the bank account to which the funds were directed to be paid, and was intended to defraud victim S.R.

3. At the time victim S.R. received the email, victim S.R. was expecting to transfer funds to VICTIM-COMPANY-1 as part of a real estate transaction. In response to the email, victim S.R., believing that the payment she was being directed to make in the email would go to VICTIM-COMPANY-1 as part of a legitimate real estate transaction, wired $140,000 to Truist Bank account ending 3166 controlled by **MICHELLE LYNCH FRANCIS**.

4. After receiving the proceeds in the Truist Bank account ending 3166, **MICHELLE LYNCH FRANCIS** deposited and transferred proceeds into other bank accounts that she held and controlled and used the funds for her own benefit.

5. On or about the dates listed below, in the Northern District of Georgia and elsewhere, the defendant, **MICHELLE LYNCH FRANCIS**, aided and abetted by, and aiding and abetting, others unknown to the Grand Jury, knowingly engaged in and attempted to engage in the following monetary transactions in criminally derived property of a value greater than $10,000, consisting of the deposit, withdrawal, transfer, and exchange, in and affecting interstate and foreign

commerce, of funds and monetary instruments by, through, and to a financial institution, such property having been derived from specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1343:

| Count | Date | Monetary Transaction |
|-------|------|---------------------|
| 1 | 12/30/2024 | Deposit of $130,040 cashier's check drawn from Truist Bank account ending 5526, that was held in the name of Michelle Lynch Francis Corp. and controlled by **FRANCIS**, into a Navy Federal Credit Union ("NFCU") account ending 7910 belonging to **FRANCIS**. |
| 2 | 1/7/2025 | Transfer of $15,000 from **FRANCIS's** NFCU account ending 7910 to a NFCU account ending 2093 belonging to **FRANCIS**. |
| 3 | 1/8/2025 | Transfer of $60,000 from **FRANCIS's** NFCU account ending 7910 to a NFCU account ending 0563 that was held in the name of Shellshock Entertainment LLC and controlled by **FRANCIS**. |
| 4 | 1/13/2025 | Transfer of $12,000 from **FRANCIS's** NFCU account ending 7910 to **FRANCIS's** NFCU account ending 2093. |

All in violation of Title 18, United States Code, Sections 1957 and 2.

### Forfeiture

6. Upon conviction of one or more of the offenses alleged in Counts One through Four of this Indictment, the defendant, **MICHELLE LYNCH FRANCIS**, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offense, or any property traceable to such property. The forfeited property includes, but is not limited to, the following:

MONEY JUDGMENT: A sum of money in United States currency, representing the amount of property, real or personal, obtained as a result of the offenses alleged in Counts One through Four of the Indictment.

7. If, as a result of any act or omission of the defendant, any property subject to forfeiture:

    a)  cannot be located upon the exercise of due diligence;

    b)  has been transferred or sold to, or deposited with, a third party;

    c)  has been placed beyond the jurisdiction of the Court;

    d)  has been substantially diminished in value; or

    e)  has been commingled with other property which cannot be subdivided without difficulty;

the United States intends, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek

4

forfeiture of any other property of said defendant up to the value of the

forfeitable property.

A _____ BILL

_____
FOREPERSON

THEODORE S. HERTZBERG
  United States Attorney

DANIEL GRILL
  Assistant United States Attorney
New York Bar No. 5807474
Provisionally admitted to practice in the United States
District Court for the Northern District of Georgia

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181